John M. Keane, S.
When confronted with a 15-page will and codicil which requires a construction primarily because something essential has been omitted, there comes to mind a quotation completely out of context with the law, but seemingly appropriate. In the first act Macbeth says, “If it were done when ’tis done, then ’twere well It were done quickly.” It is the *82 observation of this court that the opportunities for a construction of a will increase proportionately with its length. The position of the draftsman of a long and complicated instrument frequently is analogous to the position of one racked with thirst in the desert who sees a mirage of water. The draftsman looking at the morass of language sees the clauses which really are not there but which he possibly intended to be there.
The immediate situation requiring construction occurs because one of the trusts created in the will of the decedent makes no disposition of the corpus of the trust after the death of the life beneficiary. Because of the nature of the testamentary plan, resolution of this omission is not as simple as it ordinarily might be.
Emily Kitto Slack died April 26, 1962. She was survived by her husband and one daughter as her only distributees. The first seven paragraphs of her will are very short and to the point. They provide for the payment of her debts, funeral expenses, upkeep of a cemetery plot, cash bequests of $1,000 to her daughter, son-in-law and two grandsons, together with a bequest to her husband of all tangible personal property. To understand the remaining parts of the will, it should be pointed out that the gross estate of the decedent exceeded $478,000, almost wholly in securities. With this in mind, we proceed to paragraph “ Eighth ” of the will.
Paragraph “ Eighth” contains all the language constituting the necessary ingredients for what has come to be known as a ‘ ‘ formula marital deduction clause ’ ’ — including one additional ingredient — poison. The ingredient which kills the clause as an effective device to obtain the estate tax marital deduction is the provision that the income payable to the surviving spouse terminates on his remarriage. Both the Federal and New York tax authorities denied a marital -deduction. (U. S. Code, tit. 26, § 2056; Tax Law, § 249-s, subd. 3.)
Paragraph “Ninth” is a trust of the residue of the estate for the benefit of the spouse during his lifetime with a right of invasion given to the trustee for his benefit. This right to invade is available only after the corpus of the trust in paragraph ‘ Eighth ’ ’ is exhausted. This is significant because such a restriction is almost completely estate tax oriented. While other reasons undoubtedly do exist for such a restriction, the'basic one is the estate tax goal of reducing the taxable estate of the surviving spouse.
Paragraph “Ninth” contains no disposition of the corpus on the death of the surviving spouse. This omission is the immediate reason for a construction. Except for a paragraph *83 appointing the executors, the next nine pages of the will contain complex trusts for decedent’s daughter and two grandchildren in the event that decedent’s husband, John W. Slack, predeceased her. Since he survived his wife, none of these provisions became operative.
One of decedent’s grandchildren is an infant who might be entitled to the proceeds of the trust created under paragraph “ Eighth ” in default of the exercise of a general power of appointment given to the surviving spouse. For that reason a special guardian has been appointed to protect the interest of said infant. Both the special guardian and the attorney for the executors, one of whom is the surviving spouse, argue that the remainder of the corpus given under paragraph “ Ninth” should pass by implication upon the terms and conditions set forth in paragraph “ Tenth ”, which would have become operative only if decedent’s husband had predeceased her. Supporting this contention, they rely primarily on Matter of Seiner (287 N. Y. 664 [1941]).
Because of the nature and extent of decedent’s property, this court believes that one cannot isolate the problem of failing to dispose of the remainder in paragraph “ Ninth”. It seems to this court that the entire will must be reviewed to ascertain the intent of the testator.
One of the important provisions of the Revenue Act of 1948 was the so-called “marital deduction” for estate taxes and gift taxes. This concept has been productive of many and varied things. First, people have been able to reduce the amount of estate taxes or, at least, postpone the date of the payment of estate taxes. Secondly, like Zeus giving birth to Athena, this concept has spewed forth a whole new group of entrepreneurs calling themselves estate planners. Finally, it probably has been a more effective hypnotic than all the barbiturates, as far as men and women of means are concerned. No longer do these people of means lie awake nights worrying about the large amounts of their property which will pass to the taxing authorities on their departure from this world. They now sleep contentedly knowing that with the benefit of a marital deduction substantially more of their property may be given to the voluntary objects of their bounty.
A “ formula marital deduction clause ” was nonexistent before the Revenue Act of 1948. If this deduction were ever abolished, it would have no meaning subsequent to that date. It exists only in relation to the present estate tax system. It is in this perspective that the will of Emily Kitto Slack must be viewed. As she states in subparagraph “ (C) ” of paragraph “ Eighth ”: *84 “It is my intention to secure the maximum marital deduction allowable under the provisions of Section 2056 of the 1954 Internal Revenue ¡Code and the New York State Law, and the provisions of this, my will, shall be so construed as to give full effect to such intention. I direct that all administrative powers, directions and discretions under this, my will, are granted to my executors and Trustee only to the extent that they do not impair or defeat the right of my estate to such marital deduction.”
Substantial savings in estate tax liabilities can be obtained by the proper use of the marital deduction. It would be rare indeed if a person knew the exact amount of the estate which he would leave at his death in order to compute exactly the potential estate tax liability. Likewise, it would be equally rare if such person were not advised concerning the approximate estate tax liability for his present property. In this particular estate, the use of a formula marital deduction clause would have reduced the Federal and New York estate tax liability by $66,000. Although the testatrix here could not know the exact amount, it is fair to assume that she had some idea of the effect of this deduction.
The first and foremost object of decedent’s bounty was her husband. If he survived, he was to receive the income from her entire residuary estate. Part would come from the trust under paragraph “ Eighth ”. The balance would come from the trust under paragraph “Ninth”. Although there were some variations in language, both paragraphs permitted the trustee to invade for the benefit of the husband. As mentioned before, no invasion could be from the corpus of paragraph “Ninth” until paragraph “Eighth” was exhausted. In paragraph ‘ Eighth ’ ’ her husband was given a general power of appointment and in default of its exercise the property was to be held in trust for the daughter or, should she be deceased, in trust for the grandchildren as set forth in paragraph “ Tenth ”.
The language of paragraph ‘ ‘ Eighth ’ ’ is not ambiguous. Therefore, no testimony would be admissible concerning the inclusion of the language terminating the income to decedent’s husband in the event of his remarriage. It is not the province of the court to speculate on why certain language was used. Neither counsel for the executors nor the special guardian have raised any question about the validity of paragraph “ Eighth The doubts have been those of the court alone.
Perhaps it was believed that, with all the other language of the paragraph, a marital deduction would be allowed because it was so clearly intended. It seems to this court that we here *85 have a situation analogous to a bequest on a condition precedent.
The bequest in paragraph “ Eighth ” is given upon the condition that the maximum marital deduction be obtained. Because the two words ‘ ‘ or remarriage ’ ’ were included therein, no such deduction was allowed by the Federal and New York estate tax authorities. Since the deduction was disallowed, the condition of the bequest has not been met. Therefore, it is the determination of this court that the bequest under paragraph ‘ ‘ Eighth ’ ’ fails because the condition set forth in the will is not satisfied. As a result the bequest passes under the residuary clause of paragraph “ Ninth ”.
The problem remaining concerns the disposition of the corpus in paragraph “Ninth” upon the death of the income beneficiary. The special guardian argues persuasively that any determination of intestacy with the will and codicil in question flies in the face of the facts of the situation. Here was a testatrix who gave only nominal outright bequests to her immediate family. Everything else, including parcels of real property, was included in trusts. In addition, the provisions of the trusts set forth in paragraph “Tenth” for her daughter and grandchildren are very specific and detailed.
Although the will in Matter of Seiner (287 N. Y. 664, supra) was much shorter, a critical examination of the salient features indicates the kinship with the will presently before the court. Forgetting for a moment the nominal bequests in the earlier part of this will, and adopting the determination herein made that paragraph “Eighth” is inoperative for failure to meet the condition imposed upon it, we have one clause providing a trust of the residue for the benefit of decedent’s husband. Nothing is said about the disposition of the corpus. We then pass to paragraph “Tenth” which disposes of the residue in the event that decedent’s spouse predeceased her. This is almost the same order in which the dispositions were made in Matter of Seiner (supra). Both paragraphs deal with the identical property.
There is a strong presumption that one making a will does not intend to die intestate as to any part of his property. It is not the province of the court to make a new will for the decedent because of omissions. If the intent of the testatrix can be gleaned from an examination of the entire instrument, it is the duty of the court to carry out that intention even if it means including language not specifically set forth in the will.
This court determines that the entire residuary estate of the decedent, including the property mentioned in paragraph “ Eighth ”, passes under paragraph “ Ninth ” of her will. The *86 corpus on the death of the life beneficiary shall continue to be held by the trustee upon the trusts set forth in paragraph ‘ ‘ Tenth ’ ’ in the proportions and under the terms therein set out at length.